812 So.2d 1103 (2001)
Leighton GEORGE, Jr. a/k/a Leighton Ray George Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00867-COA.
Court of Appeals of Mississippi.
October 23, 2001.
Rehearing Denied January 22, 2002.
Certiorari Denied April 4, 2002.
*1104 Steven E. Farese, Sr., David Lee Robinson, Ashland, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., For The Court:
¶ 1. Leighton George, Jr. was convicted of aggravated DUI in violation of Miss. Code Ann. § 63-11-30(5) (Rev.1996) in the circuit court of DeSoto County. He was sentenced to a term of twenty-five years with thirteen years suspended and twelve to serve. Aggrieved by the judgment rendered against him, George appealed and cites four issues on appeal. First, George argues that the trial court erred in denying his motion in limine to exclude the testimony of Marie Blount as improper lay testimony. The second issue contains three separate assertions of error: the trial court erred in refusing to grant his requested peremptory instruction, the verdict of the jury was not supported by the evidence, and the trial court erred in failing to grant his motion for judgment notwithstanding the verdict. Next, George asserts that the trial court erred in refusing to grant a requested jury instruction. Finally, he argues that the trial court erred in refusing to grant his motion for a mistrial and motion for a second change of venue due to misconduct of the jurors which occurred during voir dire and jury selection.
¶ 2. Finding no error, we affirm.

*1105 FACTS
¶ 3. On March 16, 1999, Leighton George, Jr., an off-duty Memphis police officer, met some friends at a local restaurant to celebrate a birthday. They had several drinks while at the restaurant. One or two hours later while driving home from the celebration, George struck Deena Vest's vehicle from behind causing her vehicle to roll into the adjacent ravine.
¶ 4. James and Sandra Smith saw the accident occur while traveling the same stretch of highway. As Smith's and George's vehicles neared an on ramp, Vest was pulling onto the highway. Smith admitted that he was driving between seventy and seventy-five miles per hour and stated that a white car came running "pretty fast and whopped" over into the lane in front of Smith and then rear-ended Vest's vehicle causing it to roll into the ravine along the highway. Smith drove his car to the location where George stopped his vehicle. He approached George and asked if he should call the police, to which George replied that he was the police. Smith then left the scene to take his wife to work but called 911. As he was returning home from taking his wife to work, Smith noticed police personnel at the accident scene. He stopped and told them he had witnessed the accident.
¶ 5. George's version of the events and Smith's differed substantially. George told the officers that he had hit a brown colored "box Chevy" that suffered little damage and left the scene before he could contact the driver. It was determined that George was describing Smith's car; however, Smith's vehicle was a "white box Chevy" and Vest's jeep was red. Due to the confusion of the conflicting stories, Vest was not found until eight hours after the accident.
¶ 6. Fourteen hours after the accident, George told highway patrol investigator Alan Thompson that he had had two beers and one or two rum and cokes. He stated, "I can't remember exactly what I had." The bar tab on George's credit card revealed that the three men had ordered all told twenty-eight alcoholic beverages, eight of which were beers and the others were liquor. No tests were administered to determine if George had been drinking and he was driven home by a Mississippi Highway Patrol officer.
¶ 7. Vest's injuries were extensive. She suffered traumatic brain injury and cognitive deficits which left her unable to care for herself and totally dependant on others.
¶ 8. George was indicted on July 16, 1999, in DeSoto County for violating Miss. Code Ann. § 63-11-30(5) (Rev.1996). He filed a motion for change of venue which was granted due to the extensive media coverage of the case. The trial was moved to Grenada County. On April 13, 2000, the jury returned a verdict of guilty. George was sentenced to twenty-five years, with thirteen years suspended and twelve years to serve.

LAW AND ANALYSIS

I. DID THE TRIAL COURT ERR BY DENYING GEORGE'S MOTION IN LIMINE TO EXCLUDE THE LAY OPINION TESTIMONY OF MARIE BLOUNT?
¶ 9. Marie Blount was a waitress in the restaurant that George and his friends visited the night of the accident. Blount was not George's waitress; however, she testified that she observed him drinking with his friends. Blount testified that George's walk was "wobbly" and that, in her opinion, he was "obviously intoxicated." George sought to have this testimony excluded on the basis that it amounted to improper lay opinion testimony. In Jones *1106 v. State, 678 So.2d 707 (Miss.1996), the Mississippi Supreme Court recited the rules to be applied when one party wants to admit lay opinion testimony.
Mississippi Rule of Evidence 701. M.R.E. 701 states: If the witness is not testifying as an expert, [her] testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to the clear understanding of his testimony or the determination of a fact in issue. Moreover, the comment to Rule 701 explains the two-part test for the admissibility of lay witness opinion testimony. First, the testimony must assist the trier of fact. Second, the opinion must be based on the witness' firsthand knowledge or observation. M.R.E. 701. cmt.; see also Wells v. State, 604 So.2d 271, 278-9 (Miss.1992) (applying this same two part test). The second prong of the test is in accordance with M.R.E. 602 requiring that a witness who testifies about a certain matter have personal knowledge of that matter.
Jones, 678 So.2d at 710.
¶ 10. It is well settled that "[t]he relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Parker v. State, 606 So.2d 1132, 1136 (Miss.1992); Johnston v. State, 567 So.2d 237, 238 (Miss.1990) (citing Hentz v. State, 542 So.2d 914, 917 (1989)). "Unless the trial judge's discretion is so abused as to be prejudicial to the accused, this Court will not reverse his ruling." Parker, 606 So.2d at 1136.
¶ 11. George argues that Blount's testimony should not have been allowed because she did not have a rational basis for her opinion. He cites to the portion of her testimony where she admits that she believes that George was impaired but she could not say why. Based upon this statement, George argues that her testimony should have been excluded because she could not state clearly and in detail the facts upon which she based her opinion. By focusing on Blount's statement that she did not know why she believed he was intoxicated, George ignores the rest of her testimony. She testified that his walk was "wobbly." She testified that he and his friends grew louder and louder the longer they stayed in the bar. She testified that she saw him with his friends seated in the bar drinking alcoholic drinks.
¶ 12. When considering George's motion, the trial judge held that Blount's opinion was based on her first hand knowledge and perception of George at the restaurant and was, therefore, properly admitted. Based upon the sum of Blount's testimony, it is clear that the trial judge did not abuse his discretion in allowing the testimony.

II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT GEORGE'S PEREMPTORY INSTRUCTION AND MOTION FOR JNOV AND FOR FAILING TO FIND THE VERDICT WAS NOT SUPPORTED BY THE EVIDENCE?
¶ 13. In essence, George is challenging the sufficiency of the evidence with this assignment of error. He claims that the State offered no credible evidence to support the jury's verdict and that no reasonable or fair-minded jury could have found George guilty.
¶ 14. Whether the evidence is legally sufficient is an argument that is raised by a motion for a directed verdict or a JNOV. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In deciding whether the prosecution has presented sufficient evidence *1107 to sustain the verdict, the Court should accept as true all credible evidence consistent with the defendant's guilt and the State must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. A reviewing court should only reverse where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 812 (Miss.1987).
¶ 15. Applying the legal standard cited above and considering the testimony given at trial, the evidence presented was sufficient to support the jury's verdict. George admitted to having at least two beers and two mixed drinks. When more closely questioned about the amount of alcohol he had consumed, George could only say that he could not remember exactly what he had drank just two hours prior to the accident. He told the police he thought he had "three or four ... we decided not to eat." Then there was the testimony of Marie Blount who believed George was "obviously intoxicated." The jury also heard George's original version of the accident where he incorrectly thought he had hit Smith's white Chevy rather than Vest's red jeep. George also did not know that the vehicle he had rearended had been pushed off the highway into a ravine. Further, James Smith who witnessed the accident, testified that George's eyes were glazed. His wife, who also witnessed the accident, testified that George looked dazed. Another witness testified that his eyes "looked kind of funny to me ... [t]hey were real wide looking and he wasseemed to be very agitated." The evidence presented was such that a reasonable and fair-minded jury could have found George guilty. Because the evidence presented was sufficient to support the jury's verdict, George's peremptory instruction was properly refused.

III. DID THE TRIAL JUDGE ERR IN REFUSING TO GRANT GEORGE'S REQUESTED JURY INSTRUCTION # D-13?
¶ 16. The requested instruction is a "circumstantial evidence" or "two-theory" instruction. The instruction reads as follows:
The Court instructs the jury, if there be a fact or circumstance in this cause susceptible of two interpretations, one favorable and the other unfavorable to the accused, when the jury has considered such fact of circumstances with all other evidence, there is a reasonable doubt as to the correct interpretation, then you, the jury must resolve such doubt in favor of the accused, and place upon such fact or circumstance the interpretation most favorable to the accused.
George argues that this instruction should have been granted because the State presented no direct evidence on the essential element of intoxication.
¶ 17. This type of "circumstantial" or "two-theory" instruction is only required in cases where the evidence presented is purely circumstantial. Petti v. State, 666 So.2d 754, 757 (Miss.1995). "This Court has held on numerous occasions that it is only in cases consisting entirely of circumstantial evidence that an instruction must be given which requires the jury to resolve, in favor of the accused, doubt over circumstances susceptible of two interpretations." Id. In Parker v. State, the Mississippi Supreme Court stated, "[w]here the evidence is purely circumstantial, the trial court must grant a `two-theory' instruction." Parker, 606 So.2d at 1140-41.
¶ 18. The trial judge properly refused this instruction as the State did *1108 present direct evidence in its case-in-chief. The elements of the offense the State was required to prove beyond a reasonable doubt were: 1) operating a motor vehicle under the influence of intoxicating liquor, 2) operating a motor vehicle in a negligent manner, and 3) permanent disability caused by the operator's negligence. The State presented direct evidence to support each of the three elements of the crime.
¶ 19. It is undisputed that George was operating the motor vehicle. Direct evidence of his intoxication includes his own statement and Blount's testimony. The second element is supported by Smith's testimony that he viewed George pass him at an illegal rate of speed and rear-end Vest's vehicle as she attempted to enter the highway. The last element is supported by Vest's medical records and her disability due to the traumatic brain injury caused when her vehicle was struck from behind by George and pushed off into the ravine along the highway. As there was direct evidence presented to support each element of the offense, the circumstantial instruction was properly refused.

IV. DID THE TRIAL COURT ERR IN REFUSING TO GRANT GEORGE'S MOTION FOR A MISTRIAL AND MOTION FOR A SECOND CHANGE OF VENUE?
¶ 20. Due to the large amount of pretrial publicity connected with the case, George filed a motion for a change of venue on August 13, 1999. This motion was granted and the trial was moved from DeSoto County to Grenada County. During voir dire and jury selection, George moved ore tenus for a second change of venue from Grenada County. This motion was denied.
¶ 21. George argues that the trial court erred in refusing to grant his motion because of comments that were allegedly made by potential jurors during the jury selection process. He also argues that a mistrial should have been granted because the jury selected was not impartial based upon reports of the same comments.
¶ 22. "[T]he party contending there is juror misconduct must make an adequate showing to overcome the presumption in this state of jury impartiality." Gladney v. Clarksdale Beverage Company, Inc., 625 So.2d 407, 418-19 (Miss.1993). The trial judge's decision on whether the jury selected was fair and impartial should not be disturbed unless it is clear that the decision was wrong. Fleming v. State, 687 So.2d 146, 148 (Miss.1997). During jury selection several potential jurors did admit to having knowledge of the case and/or making comments concerning the facts of the case, including George's guilt. However, each of these jurors was dismissed by the trial judge and was not selected to hear the case. As each of the potential jurors who testified to having knowledge of the case or ties to one of the attorneys was dismissed, George has failed to show that he was prejudiced by the jury selected or that the jury was biased or less than impartial.
¶ 23. The decision to declare a mistrial is in the sound discretion of the court. Lockridge v. State, 768 So.2d 331 (¶ 12) (Miss.Ct.App.2000). This decision should not be disturbed unless it was an abuse of discretion. Bass v. State, 597 So.2d 182, 191 (Miss.1992). Because George has failed to show that he was prejudiced by the judge's refusal to grant his second motion for a change of venue, there is no indication that the trial judge abused his discretion in refusing to declare a mistrial.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF DUI ASSAULT *1109 AND SENTENCE OF TWENTY-FIVE YEARS WITH THIRTEEN YEARS SUSPENDED AND TWELVE YEARS TO SERVE IN A FEDERAL FACILITY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ., CONCUR.