LEE, J.,
for the court.
PROCEDURAL HISTORY
¶ 1. On July 24, 2001, a George County Circuit Court jury found William C. Martin guilty of accessory after the fact to burglary. Martin was sentenced to five years in the custody of the Mississippi Department of Corrections. Martin appeals his conviction, raising the following issues: (1) there was insufficient evidence to sustain a conviction for accessory after the fact to burglary, therefore the trial court erred in denying Martin’s motion for a directed verdict, a new trial, and a judgment notwithstanding the verdict; (2) the investigator’s testimony was inadmissible hearsay and violated Martin’s right to confront the witnesses against him. Finding no merit, we affirm.
FACTS
¶ 2. On September 30, 1999, Cap Gun’s Jiffy Mart in Rocky Creek was broken into by three men who stole numerous items, including the main cash register and forty cartons of cigarettes. The three burglars, later determined to be William Coker, Gabe Nicholson, and Robert Pharham, hid the stolen cigarettes in the woods and disposed of the cash register. After returning to a local motel for a few hours, the men, now with Martin rather than Pharham, returned to retrieve the cigarettes and cash register. The cash register was disposed of a second time, and Coker, Nicholson, and Martin transported the stolen cigarettes to Alabama where they were subsequently sold. Coker, Nicholson, and Pharham were later arrested for the burglary and their confessions led to the arrest of Martin.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN DENYING MARTIN’S MOTION FOR A DIRECTED VERDICT, NEW TRIAL, AND A JUDGMENT NOTWITHSTANDING THE VERDICT DUE TO THE INSUFFICIENCY OF THE EVIDENCE?
*729 ¶ 3. With his first issue, Martin contends that the State’s evidence was insufficient to support the guilty verdict. Specifically, Martin claims the evidence was vague and inconclusive, never rising to the level of proof needed for a conviction. We look to our standard of review concerning the sufficiency of the evidence:
In deciding whether the prosecution has presented sufficient evidence to sustain the verdict, the Court should accept as true all credible evidence consistent with the defendant’s guilt and the State must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. A reviewing court should only reverse where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty.
George v. State, 812 So.2d 1103 (¶ 13) (Miss.Ct.App.2001) (citation omitted). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 4. An accessory after the fact is one who has “concealed, received, or relieved any felon, or having aided or assisted any felon, knowing that such person had committed a felony, with intent to enable such felon to escape or to avoid arrest, trial, conviction or punishment.” Miss. Code Ann. § 97-1-5 (Rev.2000).
¶ 5. Looking at the available evidence and testimony, we find it was sufficient to support the guilty verdict. There was testimony that Martin was in Coker’s room at the motel when Coker, Nicholson, and Pharham returned after the burglary, and that Martin was “in and out of the motel at all times.” Martin was involved in dumping the cash register into a stream and accompanying Coker and Nicholson into the woods to retrieve the stashed cigarettes. Martin also knew the guy in Alabama who would buy the stolen cigarettes and he drove Coker, along with Nicholson, there to initiate the sale. Although most of the evidence was circumstantial, the jury could easily infer that Martin was helping Coker and Nicholson get rid of the evidence from the burglary in order to help them avoid arrest.
¶ 6. In viewing the evidence favorably to the State, we find fair-minded jurors had sufficient evidence to find Martin guilty. Consequently, the trial court did not err in denying Martin’s motions.
II. DID THE INVESTIGATOR’S TESTIMONY CONSTITUTE INADMISSIBLE HEARSAY AND VIOLATE MARTIN’S RIGHT TO CONFRONT THE WITNESSES AGAINST HIM?
¶ 7. With his second issue, Martin contends that he was denied his fundamental right to confront the witnesses against him because the investigator was permitted to testify how Martin was implicated as an accessory to the crime. Martin argues that the investigator’s testimony was inadmissible hearsay. A trial judge enjoys a great deal of discretion as to the relevance and admissibility of evidence. Hughes v. State, 735 So.2d 238 (¶ 134) (Miss.1999). However, the discretion of the trial judge must be exercised according to the Mississippi Rules of Evidence. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). We will only reverse a trial court’s determination concerning the relevancy or admissibility of evidence if an abuse of discretion existed. Jefferson v. State, 818 So.2d 1099(¶ 6) (Miss.2002).
¶ 8. The exchange at issue concerns the direct examination of the investigator who *730 questioned Coker, Nicholson, and Phar-ham about the burglary. We think it would be helpful to quote the exchange between the prosecuting attorney, Cheryl Sullivan; the investigator, Officer Keel; and the defense attorney, William Bailey:
SULLIVAN: After obtaining the identity of William Martin, what if anything did you do in relation to that information? Did you subsequently come in contact with him?
KEEL: Yes, I did. If I may back up just a minute. I obtained statements from these three guys. Out of three of them, two of them indicated that he was involved after the fact.
BY MR. BAILEY: May it please the Court, we’re going to object unless there’s some documentation through written statements.
BY THE COURT: Sustained.
BY MS. SULLIVAN: Well, Your Hon- or, the defense has been provided the copies of those statements.
BY MR. BAILEY: I don’t care.
BY THE COURT: Well, he can testify to what led him, without telling us what was in the statements. That’s the objection I’m sustaining.
BY MS. SULLIVAN: Right.
SULLIVAN: In other words, don’t say what the individuals said to you, but you obtained a name from individuals, correct?
KEEL: Right. The third individual I questioned, I did obtain the name of Billy Martin or William C. Martin.
¶ 9. We fail to see how this statement by the investigator is inadmissible hearsay or how Martin’s right to confront the witnesses against him was violated. Although Martin’s objection to the first statement did not specifically state a hearsay violation or the right to confront witnesses, the judge properly sustained the objection. The investigator was then instructed not to mention what was in the statements. Once the judge sustained the objection, any defect in the investigator’s testimony was cured.
¶ 10. There is, of course, a right to confront witnesses. However, we find that this isolated reference to what the perpetrators told the investigator was insufficient to rise to the level of a confrontation clause issue, especially since one of the perpetrators did testify against Martin. Finding that there was no abuse of discretion by the trial court, we affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY OF CONVICTION OF ACCESSORY AFTER THE FACT TO BURGLARY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $1,000 AND TO PAY $1,500 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.