# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00520-COA

ANDREW ACIE ADAMS A/K/A ANDREW ADAMS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF 250 OR MORE GRAMS OF MARIJUANA AND SENTENCED AS A HABITUAL OFFENDER TO SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE |
| DISPOSITION: | AFFIRMED: 10/04/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Andrew Acie Adams was convicted of possession of marijuana after it was found in

his vehicle pursuant to a search warrant. Adams claims on appeal[1] that the police obtained

---

[1] Phillip W. Broadhead, clinical professor and director of the University of Mississippi School of Law Criminal Appeals Clinic, was appointed as Adams's appellate

the warrant by falsely claiming that a drug dog had indicated the presence of drugs inside the vehicle. We find this argument procedurally barred and, in the alternative, unsupported by the record. We affirm Adams's conviction and sentence.

**DISCUSSION**

¶2. Police officers encountered Adams after he double parked his vehicle, a Kia, in the road. The Kia was next to another vehicle Adams owned, a Chevrolet Impala, which was parked on the side of the road. Adams was shining a flashlight into the Impala, but when the officers approached, he returned to the driver's seat of the Kia and appeared to be preparing to leave. When the officers activated their blue lights, Adams exited the vehicle and resisted instructions to remain where he was.[2] Adams was arrested for blocking the roadway, and what were later determined to be synthetic cannabinoids were seen in plain view in the Kia. Adams's wife was found to have additional synthetic cannabinoids and a stolen pistol in her purse. After a drug-detecting police dog alerted to the presence of illegal drugs in the Impala, the officers obtained a search warrant for the vehicle. The marijuana Adams was ultimately convicted of possessing was found in a plastic bag on the rear floorboard, driver's side.

¶3. On appeal, Adams contends that the search warrant was illegally obtained based on

counsel. Third-year law students under Professor Broadhead's supervision were appointed as special counsel pursuant to Mississippi Code Annotated section 73-3-207 (Rev. 2012). Jody A. Bevill and Ethan D. Lavelle assisted in the preparation of Adams's briefs, and Valerie Moss and Philip Summa presented oral argument.

[2] Later, Adams slipped out of his handcuffs and had to be forcibly restrained.

a false statement in the supporting affidavit. He bases this claim on a dash camera recording of a drug-detecting dog's walk around his vehicle. The recording shows the dog and its handler, Officer Michael Hauler, walking counterclockwise around the vehicle, starting at the passenger's side rear corner. The pair walk around the vehicle, and as they pass the driver's side rear corner, the dog appears to hesitate and jumps up toward the driver's side taillight. It then walks further around the rear of the vehicle, where it is out of the video frame for a moment. The dog then returns to the driver's side rear corner, where it bows, with its rear up and its front legs extended toward the vehicle, and begins excitedly sticking its muzzle into the seam between the bumper and the quarter panel.

¶4. The video then shows officers investigating the gap between the bumper and the quarter panel, the bumper itself, and the interior of the vehicle (by looking through the window on the rear driver's side door). The officers subsequently obtained a warrant to search the vehicle, on an affidavit stating that the dog had alerted to the presence of illegal drugs "on the rear quarter panel."

¶5. According to Adams, the video shows the dog indicating the presence of drugs in the bumper, which he contends is a discrete part of the vehicle that was open to the outside and thus could be, and was, verified not to contain drugs. He contends that after failing to find drugs in the bumper, the officers should have discounted the dog's alert as a false positive, and thus they had no probable cause for a warrant to search the interior of the vehicle.

¶6. From our review of the record, this argument is procedurally barred. While Adams

3

did present several written motions to suppress, only one arguably challenges the search warrant directly, and it is a form motion that appears to have been drafted to encompass every imaginable challenge to all of the evidence obtained against "the Defendant." It was followed by a motion more specifically challenging Adams's arrest, but not the search warrant for the Impala (except to the extent that it was claimed to derive from the arrest as fruit of the poisonous tree). Still, the trial judge allowed Adams great latitude with his original form motion and essentially heard any and every evidentiary challenge Adams was willing to present. But when offered the opportunity to present evidence and arguments relating to the search warrant for the Impala, Adams's attorney simply "stood on the motion." The trial judge then looked at the evidence that had been presented thus far on the other suppression issues, and he found that the warrant was legally issued. In elaborating on this ruling, the trial judge did observe that the dog "alerted positive on the rear quarter panel of the vehicle." But this was not in response to any contentions by Adams to the contrary, and no real evidence was presented at the suppression hearing elaborating on the details on how the dog detected or indicated the presence of drugs. The failure to make this specific argument denied the State the opportunity to present evidence on the issue and denied the trial court the opportunity to make specific findings of fact on the contention. As a result, this issue is procedurally barred. *See, e.g., Williams v. State*, 994 So. 2d 821, 828 (¶24) (Miss. Ct. App. 2008).

¶7. Notwithstanding the procedural bar, we see no merit to this claim. Adams contends

on appeal that the officers misled the issuing judge by claiming that the dog was alerting to the quarter panel rather than the bumper. On this point, Adams had to make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause." *Petti v. State*, 666 So. 2d 754, 758 (Miss. 1995) (citing *Franks v. Delaware*, 438 U.S. 254, 154, 155-56 (1978)). Adams then bore the burden to prove, by a preponderance of the evidence, that the challenged statement was perjured or made in reckless disregard of the truth. *Id.* Finally, Adams had to show that without the false statement, the affidavit did not establish probable cause for the search. *Id.* And since this was the search of an automobile, a warrant was not required; the search would nonetheless have been legal had probable cause existed notwithstanding the failure to describe it in the affidavit. *See Townsend v. State*, 681 So. 2d 497, 502 (Miss. 1996).

¶8.     Adams fails to make even the threshold showing that the officers' description of where the dog alerted was false. He attempts do so by reference to the dash cam video, describing how and where the dog jumps and what it did with its muzzle (sticking it between the bumper and the quarter panel). In these arguments, Adams seems to assume that this behavior constituted the alert. But the handler, Officer Hauler, testified (at trial) that the dog was actually trained to alert by pointing and scratching with its front paws; and the video in fact shows the dog doing this, though it is unclear whether the dog is pointing at the bumper

or the quarter panel.  According to Officer Hauler, the dog had alerted on the quarter panel where it met the bumper, and the behavior cited by Adams was actually the dog attempting to use its muzzle for leverage to make the alert gesture at a higher point on the vehicle.   The video simply does not meet Adams's burden to show that the affidavit's statement that the dog alerted on the quarter panel is false.

¶9.     Adams also fails to show that the allegedly false statement was material to whether probable cause was established in the affidavit.  He seems to assume that, had the dog been pointing toward the bumper rather than the quarter panel, probable cause would have been limited to the bumper itself and there would have been no probable cause to search the inside of the vehicle.  For its part, the State concedes that if there was probable cause only to believe contraband would be found in one specific part of the vehicle, the warrant should have been so limited.  *See Millsap v. State*, 767 So. 2d 286, 292 (¶22) (Miss. Ct. App. 2000). But Adams begs the question about what would have been indicated by an alert on the bumper rather than the quarter panel.  There was no evidence introduced regarding the dog's ability to pinpoint the exact location of contraband with the degree of certainty Adams assumes.  Moreover, probable cause is a totality of the circumstances question.  *Batiste v. State*, 121 So. 3d 808, 859 (¶129) (Miss. 2013).  Even assuming that the dog was alerting on the bumper and that an alert to the bumper (taken alone) would have limited probable cause to the bumper, the detection of drug odors there would still be a fact to be considered in the totality of circumstances as to whether there was probable cause to search the interior of the

6

vehicle. *See United States v. Seals*, 987 F.2d 1102, 1107 (5th Cir. 1993). Adams fails to address that possibility.

¶10. Finally, Adams suggests that the warrant was invalid because the supporting affidavit failed to attest to the dog's certifications, but this contention was not raised before the trial court and is procedurally barred on appeal. Furthermore, Adams presents no authority holding that a statement regarding the dog's certification is required to support a search warrant; and even if it were, the search would still be valid as a warrantless search under the automobile exception, as the dog was, in fact, certified, and its training was discussed at length at trial. *See Townsend*, 681 So. 2d at 502.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, FIRST JUDICIAL DISTRICT, OF CONVICTION OF POSSESSION OF 250 OR MORE GRAMS OF MARIJUANA AND SENTENCE AS A HABITUAL OFFENDER OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR EARLY RELEASE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**