MCMILLIN, C.J.,
for the court.
¶ 1. Clarence Sykes was found guilty of felony shoplifting by a Coahoma County Circuit Court jury. He has appealed his conviction, asserting on appeal that the trial court committed error in denying his motion for directed verdict and his subsequent JNOV motion on the ground that the prosecution failed, as a matter of law, to prove all of the essential elements of the crime. Alternatively, he contends that the verdict was against the overwhelming weight of the evidence, thereby entitling him to a new trial. Finding no merit in either contention, we affirm the conviction and resulting judgment of sentence.
I.
Facts
¶ 2. The State presented evidence tending to show that Sykes, while inside the Kroger grocery store in the city of Clarks-dale, was seen to stuff two steaks from the meat counter into the front of his pants and then pull his shirt down in an apparent attempt to conceal the steaks. He then walked toward the front of the store, but stopped short of the checkout line when he saw that he was under observation by the store manager. Sykes then proceeded at a rapid pace toward the back of the store with the manager following closely behind. The manager testified he saw Sykes retrieve the steaks from their place of concealment and throw them into a container in another section of the meat department that held processed meat such as ham and bologna.
¶ 3. Upon being confronted, Sykes first denied ever having possession of the mer *308 chandise, then later contended that he had picked up the steaks and walked to the front in anticipation of being able to borrow money to pay for them from his aunt, whom he had seen in the store. Only when he discovered that she had already left the store did he return the steaks. In an apparent attempt to explain why he threw them into a different section, he claimed that he had decided to swap the steaks for a less expensive package of bologna, since he had enough cash on. his person to pay for the bologna. He denied concealing the steaks in his pants and claimed that he had carried them under his arm.
¶ 4. The State also presented proof that Sykes had two prior misdemeanor convictions for shoplifting, thus forming the basis for the charge of third offense shoplifting, punishable by statute as a felony.
II.
Discussion
¶ 5. At the close of the evidence, Sykes filed a motion for a directed verdict of acquittal. The motion was denied. After the jury returned a verdict of guilty, Sykes filed a motion for a JNOV, or in the alternative, a new trial. The trial court denied any relief under this post-trial motion and Sykes perfected this appeal. In his appeal, Sykes frames the issue in this manner:
Whether insufficient evidence supported the guilty verdict for felony shoplifting and whether the guilty verdict went against the overwhelming weight of the evidence.
¶6. The State appears to make a perfunctory argument at the outset of its brief that, because this statement of the issues on appeal fails to allege any error on the part of the trial court, Sykes has not presented an issue that this Court may consider. The record reveals that the circuit court was presented with both the question of the sufficiency of the evidence supporting the guilty verdict as well as whether it was against the weight of the evidence in Sykes’s post-trial motion and that the court ruled against him. This preserved both issues for review on appeal. Dotson v. State, 593 So.2d 7, 11 (Miss.1991). Whether Sykes could have more artfully drafted his statement of the issues may be a subject for legitimate discussion, but we decline any suggestion that we ought to summarily dismiss the appeal on this ground.
¶ 7. The trial court, in considering the contention that the proof was insufficient as a matter of law to establish guilt, must consider the evidence in the light most favorable to the State, giving the State the benefit of all favorable inferences which may be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court is obligated to reverse and render a judgment of acquittal when it determines that, viewed in that light, the State’s evidence as to one or more of the critical elements of the crime is so lacking that reasonable jurors could not have found the defendant guilty. Id. If the trial court denies the motion and that denial is raised as an issue on appeal, this Court is charged to review the evidence by the same standard to determine whether the trial court erred in so ruling. Id. at 781.
¶ 8. Sykes contends that the uncontra-dicted fact that he did not either leave the premises or make some overt effort to leave the premises without paying for the steaks prevents him from being convicted of shoplifting as a matter of law. At worst, he contends, even when the facts are viewed in the light most favorable to the State, he was only guilty of an attempted act of shoplifting.
*309 ¶ 9. We disagree. The crime of shoplifting as defined in the applicable statute is complete at the time the defendant “wilfully and unlawfully take[s] possession of any merchandise owned or held by and offered or displayed for sale by any merchant, store or other mercantile establishment with the intention and purpose of converting such merchandise to his own use without paying the merchant’s stated price therefor....” Miss.Code Ann. § 97-23-93(1) (Rev.2000). There is nothing within the statutory definition that requires that the property be physically removed from the premises as an essential element of the crime. Rather, by definition, the crime is completed at the moment that possession is taken with the requisite criminal intent. While evidence that a person in possession of merchandise exited the premises without paying for the merchandise may certainly be one method — and perhaps the most persuasive method — of proving the requisite intention of obtaining the property without paying for it, it is not the only method available.
¶ 10. In this ease there was evidence that the defendant, at a time when he thought he was unobserved, was seen to purposely conceal two packaged steaks on his person and proceed toward the checkout counter. After discerning that he was possibly under observation by store personnel, he was seen to proceed hurriedly back to the meat department, removing the steaks from their concealed location while in transit, and toss them into a different part of the store from that where he had picked them up. He subsequently told a number of conflicting versions of the events, none of which appeared to explain fully the unusual nature of his conduct. Rather than offering any explanation as to why he would conceal the merchandise under his clothing, he simply denied that he had done so, thereby creating a classic disputed issue of fact to be resolved by the jury. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983).
¶ 11. It is the view of this Court that credible evidence was presented that would support an inference by the jury that Sykes did, in fact, take possession of the steaks with the intention of converting them to his own use without paying for them. As we have stated, in reviewing an attack on the legal sufficiency of the evidence tending to demonstrate guilt, we are obligated to conclude that the jury drew all reasonable inferences from the evidence that were consistent with a verdict of guilty. Fleming v. State, 732 So.2d 172, 182 (¶ 33) (Miss.1999). We find no merit in this issue.
¶ 12. As to Sykes’s claim that he was entitled to a new trial because the verdict was against the weight of the evidence, the trial court, and this Court on appeal, are obligated to review all of the evidence in the light most favorable to the verdict. Cooper v. State, 639 So.2d 1320, 1324 (Miss.1994). The trial court’s obligation is to grant a new trial if it determines that to permit the verdict to stand would result in a substantial miscarriage of justice. Herring v. State, 691 So.2d 948, 957 (Miss.1997). We review the trial court’s decision to deny a new trial on an abuse of discretion standard. Malone v. State, 486 So.2d 360, 366 (Miss.1986).
¶ 13. The jury, sitting as finder of fact, is assigned the duty of considering conflicting evidence on the essential issues of the case and resolving those disputes by determining what testimony it finds more credible. Jackson v. State, 614 So.2d 965, 972 (Miss.1993). In this case, several different employees in the grocery store testified to their first-hand view of the conduct of Sykes. These witnesses were not impeached on cross-examination nor was their testimony contradicted by evidence *310 other than Sykes’s own version of events. We find nothing so compelling in Sykes’s testimony as to suggest that the jury deviated from its duty to dispassionately resolve conflicts in the evidence when it concluded that the witnesses for the State were more credible than Sykes.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THREE YEARS’ POST RELEASE SUPERVISION, AND ORDER TO PAY A FINE OF $1,000 AND MAKE RESTITUTION TO THE VICTIM IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.