# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-KA-00770-SCT

*KENNETH KNIGHT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/23/2010 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PHILLIP BROADHEAD |
| | OFFICE OF INDIGENT APPEALS |
| | BY: LESLIE S. LEE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA LYNN BLOUNT |
| | SCOTT STUART |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/08/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., PIERCE AND KING, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     Kenneth Hugh Knight was convicted in the Pearl River County Circuit Court of possession of a controlled substance with intent to distribute while in possession of a firearm. Aggrieved, Knight appeals, raising three issues: (1) ineffective assistance of counsel, (2) the denial of his motion for a directed verdict or a judgment notwithstanding the verdict (JNOV), and (3) the denial of his motion for a new trial. Because the record is not sufficient to

address Knight's claim of ineffective assistance of counsel, we dismiss the claim without prejudice. But we affirm the circuit court's judgment on the remaining issues.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 2, 2007, Lieutenant Chad Dorn of the Picayune Police Department was on patrol when he received instructions to be on the lookout for a stolen, green Ford Explorer. Lieutenant Dorn located what he believed to be the stolen vehicle at 615 North Buren Avenue in Picayune, Mississippi. At this point, Lieutenant Dorn called for backup; police officers Josh English and Edwin Merwin responded to the call.

¶3. Lieutenant Dorn checked the vehicle identification number (VIN) on the vehicle and found that it matched the VIN of the stolen vehicle that was reported by dispatch. Then, he knocked on the door of the residence in hopes of finding the driver of the vehicle. Knight answered the door. Lieutenant Dorn asked for the driver of the vehicle, and Knight brought Lisa Shoemake to the door. Lieutenant Dorn and Shoemake stepped away from the door. He advised Shoemake of her *Miranda* rights and then asked about the vehicle.[1] According to Lieutenant Dorn, Shoemake told him that the vehicle belonged to her sister and that she had borrowed it without permission.

¶4. Lieutenant Dorn testified that he knew Shoemake because he previously had arrested her, and she was known to have a drug problem. Thus, Lieutenant Dorn inquired as to Shoemake's purpose at the residence. According to Lieutenant Dorn, Shoemake told him that she had purchased crack cocaine, which she had already ingested, from Knight. Acting

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

on this information, Lieutenant Dorn ordered Officer English and Officer Merwin to get everyone out of the home and to secure the premises while he obtained a search warrant. Officer English testified that he cleared the home and detained Knight, Shoemake, Angel Case (Knight's friend) and Knight's thirteen-year-old son until Lieutenant Dorn returned.

¶5.     Lieutenant Dorn returned with the search warrant and commenced to search the premises.[2] Under the cushions of a couch, Lieutenant Dorn found a plastic baggy containing several off-white, rock-like objects, $542 in cash, and a sawed-off shotgun. Officer Bryan Dawsey of the Picayune Police Department testified that he had marked the evidence, stored it in the evidence locker, and eventually had taken the evidence to the Mississippi Crime Laboratory for testing. Chancey Bass, a forensic scientist for the Mississippi Crime Laboratory, tested the evidence. He testified that the substance was determined to be 2.6 grams of cocaine, a schedule II drug.

¶6.     Lieutenant Dorn arrested Knight and Case. Shoemake was not arrested for the drugs or the stolen vehicle, but she was taken in for questioning. Shoemake provided a written statement to police. According to Lieutenant Dorn, Knight declined to give a written statement, but he voluntarily gave an oral statement in which he claimed ownership of the seized cash and requested that it be returned to him.

¶7.     At trial, Knight's counsel stipulated to the sufficiency of the search warrant. Shoemake testified for the State. She stated that she had gone to Knight's house to buy crack

---

[2]   In his ineffective-assistance-of-counsel claim, Knight challenges the affidavit executed by Lieutenant Dorn to obtain the search warrant. The details of the affidavit will be discussed in our analysis of the issue.

cocaine, and she had purchased $30 worth of crack cocaine twice that day. Although she did not see an exchange of drugs between Case and Knight, Shoemake stated that Case had retrieved the drugs from Knight, and then had delivered the drugs to her. On cross-examination, Shoemake acknowledged that she had pleaded guilty to possession of a controlled substance and was currently serving her sentence – five years suspended, with two years on house arrest. Defense counsel asked Shoemake whether she was a prior convicted felon, and she said "yes." According to Shoemake, the maximum sentence for her crime was eight years, but she did not receive the maximum sentence. Shoemake denied receiving a plea deal in exchange for her testimony.

¶8. Case also testified for the State. She stated that Knight was a friend, and she had stayed with him at times because his home was a known place to acquire drugs. Case was not aware of Shoemake's allegations against her – that she was distributing drugs from Knight's home. Case testified that when the police arrived at Knight's home, Knight was asleep on the couch, where he slept often. Case acknowledged that she initially was charged as a codefendant in Knight's case, but she had pleaded guilty to a lesser charge of possession. She had received a nonadjudicated, two-year sentence with probation. But, thereafter, Case had violated her probation and was serving her sentence at the time of Knight's trial. Case also denied that she had received a plea deal in exchange for her testimony.

¶9. Based on this evidence, a Pearl River County jury convicted Knight of possession of cocaine with intent to deliver or sell while in possession of a firearm. The circuit court entered Knight's Order of Conviction on April 23, 2010. He was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty years suspended

4

and ten years to serve, and twenty years of post-release supervision, with five years reporting and fifteen years nonreporting. Knight filed a Motion for JNOV or, in the Alternative, a New Trial. The circuit court denied the motion. On April 27, 2010, Knight filed a Renewed Motion for JNOV or, in the Alternative, a New Trial. The circuit court denied this motion as well. On March 6, 2010, Knight timely filed his notice of appeal.

## DISCUSSION

### I. Ineffective Assistance of Counsel

¶10. This Court analyzes claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Johnson v. State*, 29 So. 3d 738, 745 (¶20) (Miss. 2009). There is a strong but rebuttable presumption that trial counsel was competent and performed within the wide range of reasonable conduct expected from counsel. *Id.* To rebut this presumption, the petitioner must show that "(1) his [trial] counsel's performance was deficient, and that (2) the deficiency prejudiced him." *Id.* (citing *Leatherwood v. State*, 473 So. 2d 964, 968 (Miss. 1985)). Knight raises three claims of ineffective assistance of counsel, but these claims rest on one question: whether there was sufficient probable cause for the search warrant.

¶11. Knight argues that he received ineffective assistance of counsel because: (1) his trial counsel failed to investigate whether probable cause existed for the search warrant, (2) his trial counsel failed to request a suppression hearing, and (3) his trial counsel stipulated to the sufficiency of the search warrant. The State argues that Knight's claim should not be considered on direct appeal and is more appropriate for a motion for post-conviction relief.

5

¶12. Mississippi Rule of Appellate Procedure 22(b) provides in pertinent part, that: "Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record." We believe that the record is not sufficient to address Knight's claim of ineffective assistance of counsel.

¶13. Article 3, Section 23 of the Mississippi Constitution provides, in pertinent part that: "no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized." Miss. Const. art. 3, § 23. In *Petti v. State*, 666 So. 2d 754, 757 (Miss. 1995), this Court stated that:

> A search warrant may only be issued when the police have demonstrated probable cause by introducing evidence of underlying facts and circumstances before the magistrate granting the warrant. Probable cause exists when facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient within themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it. The affidavit is the means of presenting to the issuing magistrate a basis upon which he may determine whether in fact probable cause exists.

(citing *Barrett v. Miller*, 599 So. 2d 559, 566 (Miss.1992) (internal citations omitted)). When a defendant attacks a search warrant on the grounds that there was not sufficient probable cause for its issuance, the reviewing court must determine whether the magistrate's decision was supported by substantial evidence. *Petti*, 666 So. 2d at 757.

¶14. In this case, the magistrate found probable cause to issue the search warrant based on Lieutenant Dorn's affidavit, which stated that:

> On 06-02-07 at 0830 [hours,] I located a reported stolen vehicle behind the residence of 615 North Buren Ave. While conducting my investigation[,] I was advised by Lisa Shoemake[,] who was at the residence, that Kenneth Knight had been selling Crack Cocaine to various people at this residence. Lisa Shoemake is a reliable source who has been used in the past to get

6

information to conduct other search warrants. She gave information that Knight had the Crack hid in one of the rooms of the residence. Shoemake stated that people would come to the residence to purchase Crack Cocaine and he would make them wait while he went to an unknown location inside the residence to recover the Crack and sell it to them. [The] Picayune Police [Department] has received numerous complaints that Kenneth Knight is selling Crack at this residence and have confirmed through the Picayune Narcotic unit that they have active cases and an ongoing investigation against Knight at this time. I respectfully request that a search warrant be issued due to these facts and circumstances.

¶15. First, Knight contends that his trial counsel was ineffective because he failed to investigate whether probable cause existed for the search warrant. In support of his claim, Knight argues that Shoemake is an unreliable informant because her testimony was inconsistent, she was high on crack when she spoke to Lieutenant Dorn, and she was in possession of a stolen vehicle. Knight also notes that Lieutenant Dorn did not include in his affidavit the fact that Shoemake was in possession of a stolen vehicle. Knight maintains that Shoemake made those statements against him to get herself out of trouble. Here, Knight attacks Shoemake's credibility. Knight's trial counsel had an opportunity to cross-examine Shoemake before the jury. Through his questioning, he raised doubts about Shoemake's credibility. The law is clear that issues of credibility should be resolved by the jury. *Turner v. State*, 3 So. 3d 742, 746 (¶15) (Miss. 2009).

¶16. Knight also alleges that Lieutenant Dorn fabricated the information contained in his affidavit regarding complaints against Knight and an ongoing narcotic investigation. There is no evidence in the record which supports Knight's allegations against Lieutenant Dorn.

¶17. Second, Knight argues that his trial counsel was ineffective because he failed to request a suppression hearing. Knight also argues that his trial counsel should have made a

7

greater effort to create reasonable doubt in the State's case. In support of his argument, Knight reiterates his claim that Shoemake is an unreliable source and that Lieutenant Dorn fabricated information in his affidavit.

¶18. Third, Knight argues that his trial counsel was ineffective because he stipulated to the sufficiency of the search warrant and did not attempt to disprove facts contained in Lieutenant Dorn's affidavit. According to Knight, Lieutenant Dorn's affidavit is clearly false, but there is nothing in the record to suggest that Lieutenant Dorn's statements were false regarding complaints against Knight and an ongoing narcotic investigation. Knight complains that the affidavit was misleading because Lieutenant Dorn did not state that Shoemake, his informant, was in possession of a stolen vehicle when she gave him information about Knight's alleged drug activity. This is true; that statement is not contained in the affidavit.

¶19. It is also true that Knight's trial counsel stipulated that the search warrant was sufficient and legally issued. During Lieutenant Dorn's direct examination, defense counsel objected, stating that he did not want the details of Shoemake's statement revealed until her testimony. The prosecutor asked defense counsel if he would stipulate that Lieutenant Dorn had received enough information from Shoemake to obtain a search warrant and that the search warrant was lawfully issued. Defense counsel agreed.

¶20. By stipulating to the sufficiency of the search warrant, Knight argues that his trial counsel effectively aided the prosecution and waived his personal right to object to the evidence. Knight argues that his trial counsel should have sought to have the evidence suppressed because Shoemake was an unreliable source, her statements were uncorroborated,

8

no evidence was presented to prove that Shoemake was reliable and had been used as a confidential informant in the past, and Lieutenant Dorn had falsified information in his affidavit.

¶21.  Knight makes bare assertions – specifically against Lieutenant Dorn – with no supporting evidence.  But his claim that Lieutenant Dorn misled the magistrate regarding Shoemake's involvement is of some concern.  Nowhere in the affidavit did Lieutenant Dorn mention that Shoemake was in possession of a stolen vehicle and that she actually was purchasing drugs from Knight.

¶22.  We note that the parties have not stipulated that the record is adequate to allow the Court to consider the issue, and the record does not affirmatively show ineffective assistance of counsel of constitutional dimensions.  The Court has Lieutenant Dorn's affidavit to consider, which the magistrate incorporated into his ruling.  But this Court must review the totality of the circumstances surrounding the issuance of the search warrant.  *See Roach v. State*, 7 So. 3d 911, 917 (¶11) (Miss. 2009).  Perhaps there is evidence outside the record that would assist the Court in reviewing Knight's claim.  Thus, out of an abundance of caution, we dismiss Knight's ineffective-assistance-of-counsel claim without prejudice so that he may raise his claim in a properly filed motion for post-conviction relief, if he so chooses.

## II. Legal Sufficiency of the Evidence

¶23.  Knight argues that the circuit court erred by denying his motion for a directed verdict or a JNOV because the State failed to prove that he had sole, constructive possession of the contraband.  Specifically, Knight maintains that the contraband could have belonged to either Case or Shoemake.  Conversely, the State argues that the prosecution presented sufficient

9

evidence that a reasonable jury might find that Knight constructively possessed the drugs with intent to distribute while in possession of a firearm.

¶24.    A motion for a directed verdict and a motion for JNOV challenge the legal sufficiency of the evidence. *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). The circuit court must view all of the credible evidence which is consistent with the defendant's guilt in the light most favorable to the State. *Id.* at (¶17). This Court will not disturb the circuit court's ruling if:

> the evidence shows 'beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction . . . . Should the facts and inferences considered in a challenge to the sufficiency of the evidence 'point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,' the proper remedy is for the appellate court to reverse and render.

*Id*. at (¶16) (internal citations omitted).

¶25.    Knight was charged with possession of cocaine with intent to distribute under Mississippi Code Section 41-29-139(a)(1) (Rev. 2009), which provides, in pertinent part, that:

> (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
>
> > (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance . . . .

Being in possession of a firearm enhances the penalty of the crime. Miss. Code Ann. § 41-29-152(1) (Rev. 2009). The prosecution's theory of the case was that Knight was in

constructive possession of crack cocaine, profits from drug sales, and a sawed-off shotgun that were found underneath the cushions of his couch. Knight maintains that the State's circumstantial evidence is insufficient to prove that he had knowing and constructive possession of the items.

¶26. Possession of a controlled substance may be actual or constructive. *Dixon v. State*, 953 So. 2d 1108, 1112 (¶9) (Miss. 2007). Constructive possession may be established where the evidence, considered under the totality of the circumstances, shows that the defendant knowingly exercised control over the contraband. *Id.* (quoting *Curry v. State*, 249 So. 2d 414, 416 (1971)). The defendant's proximity to the drugs is a factor in establishing constructive possession, but it is not determinative. *Id.* Other incriminating circumstances must be present to establish constructive possession. *Id.* For instance:

> this Court has affirmed a conviction based on constructive possession when: (1) The defendant owned the premises where the drugs were found and failed to rebut the presumption that he was in control of such premises and the substances within; or (2) the defendant did not own the premises but was sufficiently tied to the drugs found there by (a) exerting control over the premises when he knew or should have known of the presence of the substance or (b) placing himself in the midst of items implicating his participation in the processing of the substance.

*Id.* at 1113 (¶11).

¶27. At trial, Shoemake testified that she had purchased crack cocaine from Knight twice at his home that day. Case testified that Knight was asleep on the couch before the police arrived and that Knight often slept on the couch. When executing the search warrant, Lieutenant Dorn found a plastic baggy containing several off-white, rock-like objects, $542 in cash, and a sawed-off shotgun under the cushions of the couch. Although Knight denied

11

ownership of the drugs, he claimed ownership of the money and requested that it be returned to him. Lieutenant Dorn testified that he believed that the money was profit from drug sales. Knight maintains that the fact that he claimed ownership of the money does not prove that he also owned the drugs and sawed-off shotgun.

¶28. Shoemake's testimony established that Knight sold drugs from his home. Case's testimony put Knight at the spot where Lieutenant Dorn found the hidden contraband. Moreover, Knight's admission to Lieutenant Dorn that the money belonged to him could lead a reasonable juror to believe that Knight knew that the contraband was stashed in the couch and that it also belonged to him.

¶29. Viewing this evidence in the light most favorable to the State, there is sufficient evidence to convict Knight of possession of cocaine with intent to distribute while in possession of a firearm. Any reasonable and fair-minded juror could have found that the State had proved all elements of the offense beyond a reasonable doubt. Accordingly, we find that the circuit court did not err by denying Knight's motion for a directed verdict and his motion for a JNOV. This issue is without merit.

### III. Weight of the Evidence

¶30. Knight argues that the verdict was against the overwhelming weight of the evidence because Shoemake and Case were unreliable witnesses. In support of this argument, Knight explains that both women received plea deals in exchange for their testimony. He further states that Shoemake made false accusations against him to get herself out of trouble, she is a prior convicted felon, and her testimony was inconsistent. Conversely, the State argues that

witness credibility is an issue for the jury to decide, and the circuit court did not err by denying Knight's motion for a new trial.

¶31.    A motion for a new trial challenges the weight of the evidence. *Bush*, 895 So. 2d at 844 (¶18). On appeal, we will not disturb the circuit court's denial of a motion for a new trial unless "[the verdict] is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Id.*

¶32.    Knight's argument attacks Shoemake's and Cases's credibility. The law is clear that it is within the jury's province to determine the weight and credibility to give to the evidence and to resolve all conflicts in the evidence. *Turner*, 3 So. 3d at 746 (¶15). The jury heard evidence that Shoemake and Case had pleaded guilty to certain charges and had received what Knight believes to be light sentences. But Shoemake and Case also maintained that they did not receive a plea deal in exchange for their testimony.

¶33.    Knight complains that Shoemake's testimony was inconsistent regarding from whom she purchased the drugs – Case or Knight – and where the transaction took place – the bedroom or the living room.[3] Knight complains that Shoemake did not see any exchange of money and drugs between him and Case. Knight also complains that Shoemake lied about who owned the stolen vehicle.[4] Still, whether Shoemake's accusations against Knight were true or false and any inconsistencies in Shoemake's testimony also are issues for the jury to

---

[3] In her written statement to the police, Shoemake stated that she had bought drugs from Knight. At trial, Shoemake testified that she had bought drugs from Knight but that Case actually had delivered the drugs to her.

[4] Lieutenant Dorn testified that Shoemake had told him that the vehicle belonged to her sister. At trial, Shoemake said the car belonged to her aunt's daughter-in-law.

resolve.

¶34. Viewing the evidence in the light most favorable to the verdict, we do not find that the verdict was against the overwhelming weight of the evidence. The jury resolved any conflicts in the evidence in favor of Knight's conviction. Because there is no evidence that would call the jury's judgment into question, we find that the circuit court did not err by denying Knight's motion for a new trial. This issue is without merit.

## CONCLUSION

¶35. Because the record is not sufficient to address Knight's claim of ineffective assistance of counsel, we dismiss the claim without prejudice so that Knight may raise his claim in a properly filed motion for post-conviction relief, if he so chooses.

¶36. Viewing the evidence in the light most favorable to the State, sufficient evidence exists upon which the jury could have found beyond a reasonable doubt that Knight had constructive possession of the contraband and that he committed every element of the crime. Thus, the circuit court did not err by denying Knight's motion for a directed verdict or motion for a JNOV.

¶37. Also, Knight's claim regarding the weight of the evidence must fail. Knight attacks Shoemake's and Case's credibility, which are issues for the jury to resolve. Therefore, the circuit court did not err by denying Knight's motion for a new trial. We affirm the judgment of the Pearl River County Circuit Court.

¶38. **CONVICTION OF POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE, COCAINE, WITH INTENT TO DELIVER OR SELL WHILE IN POSSESSION OF A FIREARM, WITH CONDITIONS, AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN (10) YEARS TO SERVE AND TWENTY (20)**

14

**YEARS SUSPENDED, AND TWENTY (20) YEARS OF POST-RELEASE SUPERVISION, WITH FIVE (5) YEARS REPORTING AND FIFTEEN (15) YEARS NON-REPORTING, AND PAY ALL COURT COSTS, AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**