IRVING, P.J.,
for the Court:
¶ 1. On September 13, 2011, a jury convicted Darryl R. Newson of felony shoplifting. The Tate County Circuit Court sentenced him as a habitual offender to five years in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole or probation. Feeling aggrieved, Newson appeals and argues that the circuit court erred in denying his post-trial motions and in sentencing him to the maximum term allowed without conducting a proportionality analysis.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 30, 2010, Newson entered the Shell Gas Mart in Senatobia, Mississippi. Barbara Hill, the store’s cashier, was mopping the floor as Newson and other customers entered. Hill finished mopping the floor and took her position at the cash register. Newson stood at the end of the counter — out of Hill’s eyesight. While Hill was completing a transaction with Rebbie Bobo, her first customer, Bobo whispered to her that Newson was stealing. Hill looked in Newson’s direction but did not see him take anything. Lyvae Gardner, another customer, also told Hill that she had witnessed Newson steal boxes of Black & Mild cigars. According to Gardner, Newson held the boxes underneath his arm. When Newson exited the store, Hill called the store’s manager, Monica Kelly, to report the incident. Hill then exited the store and confronted Newson in the store’s parking lot about the stolen property. Newson insisted that he had not stolen anything from the store.
¶ 4. After confronting Newson in the parking lot, Hill went back into the store, and Newson followed her. He told her that he did not get the Black & Mild cigars from the Shell Mart but had purchased them at another store and wanted to sell them to the Shell Mart. At trial, Hill testified that, after Newson left the premises, she found the Black & Mild cigars on the floor inside the store. According to Hill, Newson left the store when it became obvious that she was going to call the police.
¶ 5. Bobo testified that while she was paying for her items, Newson was standing at the counter to her right. She saw Newson reach over the counter, grab several boxes of cigars, and hide them in the waistband of his jeans. When she left the store, Newson followed her, got into the backseat of her car, and asked her to drop him off at a corner. When she refused, Newson got out of the car. She witnessed Hill confront Newson about stealing the cigars, but she left the store soon after the confrontation started.
¶ 6. Gardner testified that she and New-son had two minor altercations at the store on the day of the incident. Inside the store, Newson accused Gardner of “watching him” while she stood in line to pay for gas. Gardner told Hill that she saw New-son reach behind the counter and get boxes of Black & Mild cigars, which he held underneath his arm. After leaving the store, Newson confronted Gardner in the store’s parking lot. She said that Newson cursed at her for watching him and for telling Hill what he had done. When Hill confronted Newson in the parking lot, she also asked Gardner to come back into the store and give her name and number. Gardner left the store after she gave her information to Hill.
*1082 ¶ 7. Detective Lisa Sanders, with the Senatobia Police Department, interviewed Newson at the Tate County Jail. Before beginning the interview with Newson, Detective Sanders obtained court abstracts from the Senatobia Municipal Court confirming that he had two prior shoplifting convictions within the past seven years. Detective Sanders testified that she read Newson his Miranda[1] rights, which he waived. During the interview, Newson told Detective Sanders that he had gotten the Black & Mild cigars from behind the counter at the store and that he had intended to steal them. However, he said that he decided not to take the cigars when Bobo said that she might have a job for him. Newson was steadfast in the interview that he threw the cigars on the floor before leaving the store.
¶ 8. During his trial testimony, Newson confirmed that he had intended to steal the cigars from the store. He testified that he abandoned his plan to steal the cigars because Bobo said that she had a job for him and because Gardner was watching him. Newson denied leaving the store with the cigars, and he denied hiding the cigars in his clothing or underneath his arm. He also denied ever telling Hill that he had gotten the cigars from another store and wanted to sell them to her store.
¶ 9. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Post-Trial Motions

¶ 10. Newson argues that the circuit court erred in denying his post-trial motions. Specifically, Newson contends that he was entitled to a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV).

a. Motion for a New Trial

¶ 11. “A motion for a new trial challenges the weight of the evidence.” Knight v. State, 72 So.3d 1056, 1064 (¶ 81) (Miss.2011) (citing Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005)). An appellate court will not disturb a jury’s verdict unless it “is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id. (quoting Bush, 895 So.2d at 844 (¶ 18)). Additionally, an appellate court must view the evidence in the light most favorable to the verdict. See id. at 1065 (¶ 34).
¶ 12. Newson contends that, as a matter of law, he cannot be convicted of shoplifting because he did not leave the premises with the merchandise. We disagree. Mississippi Code Annotated section 97-23-93(1) (Rev.2006) provides that shoplifting is committed when a defendant “wilfully and unlawfully take[s] possession of any merchandise owned or held by and offered or displayed for sale by any merchant, store[,] or other mercantile establishment with the intention and purpose of converting such merchandise to his own use without paying the merchant’s stated price[.]”
¶ 13. By definition, physically removing the merchandise from the merchant’s premises is not an essential element of the crime of shoplifting. Instead, the crime is completed at the moment that the defendant takes possession of the merchandise with the intention of taking the merchandise without paying for it. See Sykes v. State, 846 So.2d 307, 309 (¶ 9) (Miss.Ct.App.2003). Here, Newson admitted that he took the cigars from behind the counter at the Shell Mart. He admitted to *1083 Detective Sanders that he intended to steal the cigars and resell them later. Therefore, Newson had completed the crime of shoplifting at the moment that he took possession of the cigars with the intent to take them without paying for them. Whether he left the premises with the cigars is of no moment. As such, this issue is without merit.

b. Motion for a JNOV

¶ 14. Newson also contends that the circuit court erred in denying his motion for a JNOV because the State did not prove the essential elements of shoplifting beyond a reasonable doubt. A motion for a JNOV challenges the legal sufficiency of the evidence. Knight, 72 So.3d at 1063 (¶ 24). If, after viewing all credible evidence in the light most favorable to the State, reasonable jurors “could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.” Id. (internal quotations omitted) (citing Bush, 895 So.2d at 843 (¶ 16)).
¶ 15. As previously discussed, the crime of shoplifting is complete at the moment that the defendant takes possession of the property with the requisite criminal intent. Newson admitted to Detective Sanders that he took possession of the cigars without paying for them and intended to steal them. While there was conflicting testimony regarding whether Newson left the store with the cigars under his arm or in the waistband of his jeans, this testimony is irrelevant because leaving the premises with the merchandise is not an essential element of the crime. Accordingly, we find that there is sufficient evidence to support the jury’s verdict. This issue is without merit.

2. Proportionality

¶ 16. Newson asserts that his five-year sentence is disproportionate to his crime. The circuit court sentenced New-son to five years because he had two prior felony convictions and two prior shoplifting convictions. Newson’s prior felony convictions established his status as a habitual offender. Mississippi Code Annotated section 99-19-81 (Rev.2007) provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony ... and who shall have been sentenced to separate terms of one (1) year or more ... shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Additionally, section 97-23-93(6) states: “[ujpon a third or subsequent shoplifting conviction[,] the defendant shall be guilty of a felony and ... imprisoned for a term not exceeding five (5) years.... ” The circuit court sentenced Newson, as a habitual offender pursuant to section 99-19-81 and as a third shoplifting offender pursuant to section 97-23-93(6), to the maximum term allowed by the statute — five years without parole or probation.
¶ 17. “It is well[ jsettled in this state that sentencing is within the complete discretion of the trial court.” Long v. State, 52 So.3d 1188, 1195 (¶ 26) (Miss.2011) (citing Hoops v. State, 681 So.2d 521, 537-38 (Miss.1996)). Furthermore, the Mississippi Supreme Court has held that “sentences that do not exceed the maximum term allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal.” Johnson v. State, 950 So.2d 178, 183 (¶ 22) (Miss.2007) (citing Fleming v. State, 604 So.2d 280, 302 (Miss.1992)). Newson’s sentence is within the maximum term allowed by section 97-23-93(6). Thus, according to Johnson, the sentence is not considered to be grossly disproportionate. Accordingly, this issue is without merit.
*1084 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).