ISHEE, J., for the Court:
¶ 1. In March 2012, Eddie Joseph Brown was convicted in the Harrison County Circuit Court, Second Judicial District, of possession of cocaine. He was sentenced as a habitual offender to serve thirty-two years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for parole or probation. Brown subsequently filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The circuit court denied the motion. Aggrieved, Brown now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On December 20, 2010, Brown and his on-again-off-again girlfriend, Jamise Floyd, were arrested in Biloxi, Mississippi, for possession of cocaine after police officers discovered the substance in the console of the couple’s vehicle. Brown and Floyd both testified at trial. However, their versions of the events that occurred on the night in question are divergent.
¶ 3. Brown testified that on that night, Floyd called him to pick her up from a friend’s house that evening. Brown was with his cousin, Willie Taylor, who was driving Brown and Floyd’s vehicle at the time Brown received the alleged call. Brown asserted that another cousin was also present in the vehicle at the time.
¶ 4. Brown stated that after picking up Floyd, the four of them drank beer together before the two cousins were dropped off at home. Brown then said he drove him *626 self and Floyd to a local gas station, where he bought drinks and cigarettes, and where they both used the restroom. While Floyd was still in the restroom, Brown stated he got back in their vehicle, opened the center console to change a compact disc in the vehicle’s audio system, and then noticed police lights in his rear-view mirror.
¶ 5. The lights belonged to Officer Richard Hilliard of the Biloxi Police Department. Officer Hilliard was accompanied by two other members of the Biloxi Police Department, who were responding to a call regarding the suspicious behavior of a man and woman at the gas station in a vehicle matching Brown and Floyd’s vehicle’s description.
¶ 6. Brown asserted that Officer Hilliard asked Brown to step out of the vehicle, and then went into the gas station to find Floyd. After retrieving Floyd from inside the gas station, the officers asked to search the vehicle. Brown stated that Floyd vehemently refused to allow the officers to search the vehicle and caused a scene in the gas-station parking lot. The officers arrested her for public drunkenness. Brown was arrested soon thereafter when the officers discovered he had a warrant issued for his arrest for a misdemean- or offense.
¶ 7. Officer Hilliard called for a tow truck to retrieve the vehicle, but did an on-site inventory search prior to the vehicle’s departure. He discovered a small plastic bag of a white substance in the center console. The substance was later tested by the Mississippi Crime Laboratory and determined to be 4.7 grams of cocaine.
¶ 8. Floyd’s testimony at trial differs greatly from Brown’s allegations. Floyd testified that she broke up with Brown on the day in question, and told Brown to remove his belongings from their home. She asserted that she was socializing at a friend’s house when Brown found her and forced her into their car. She affirmed that two other people were present in the vehicle when Brown forced her into the back seat.
¶ 9. After dropping off the other two people, Floyd and Brown had a heated argument in the vehicle while Brown was driving. Floyd demanded that Brown stop the vehicle and let her out. She asserted that he refused, so she attempted to choke him with a seatbelt.
¶ 10. Shortly thereafter, Brown stopped at the gas station. Floyd stated that both of them went into the gas station. She claimed she went to the restroom with the intent of calling a friend to pick her up. While in the restroom, the officers arrived on the scene and asked her to come back to the car. When she arrived at the vehicle, the officers asked for Brown and Floyd’s permission to search the car. Floyd admitted that she adamantly refused, claiming she did not feel the officers had cause to search the vehicle because they did not stop the car.
¶ 11. Officer Hilliard also testified. He stated that upon arriving at the gas station, he parked behind Brown’s car and left his police lights on. He noted that Brown was the only occupant in the vehicle. He further stated that he observed Brown open the center console and reach into the console. During this time, Officer Hilliard could see Brown’s face through the driver’s window and in the rearview mirror. He stated that Brown began looking around frantically and appeared nervous.
¶ 12. Officer Hilliard asked Brown to step out of the vehicle. He asked Brown for identification, at which point Brown told Officer Hilliard that he was simply waiting for his fiancé, Floyd, to return from the restroom. Officer Hilliard re *627 trieved Floyd, and immediately noticed that she was glassy eyed, smelled of alcohol, and was stumbling. Officer Hilliard testified that he asked Brown and Floyd for identification, which they told him was in their vehicle. When Officer Hilliard asked if he could retrieve their identification cards for them, Floyd became irate. Officer Hilliard confirmed that Floyd was arrested for public drunkenness, Brown was arrested for an outstanding warrant, and the 4.7 grams of cocaine was discovered by him during an inventory search of the vehicle.
¶ 13. After a March 2012 trial on the merits in the circuit court, a jury returned a guilty verdict for Brown for possession of cocaine. He was sentenced as a habitual offender to thirty-two years in the custody of the MDOC. He filed a motion for a JNOV or, in the alternative, a new trial, which was denied. Brown now appeals on the sole issue of the circuit court’s denial of his motion for a JNOV or a new trial.
DISCUSSION
¶ 14. In reviewing the denial of a motion for a JNOV or a new trial, we analyze the circuit court’s decision under an abuse-of-discretion standard. Vaughn v. State, 972 So.2d 56, 59 (¶ 11) (Miss.Ct.App.2008) (citing Dilworth v. State, 909 So.2d 731, 736 (¶ 17) (Miss.2005)). A motion for a JNOV challenges the sufficiency of the evidence. See Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). The Mississippi Supreme Court has stated that in considering the denial of a motion for a JNOV, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 15. A motion for a new trial tests the weight of the evidence. Vaughn v. State, 926 So.2d 269, 271 (¶4) (Miss.Ct.App.2006) (citing Hawthorne v. State, 835 So.2d 14, 22 (¶ 32) (Miss.2003)). We have held that matters regarding the weight of the evidence are within the province of the jury. Stegall v. State, 765 So.2d 606, 610 (¶ 10) (Miss.Ct.App.2000). “When reviewing a denial of a motion for a new trial, this Court ‘will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Bush, 895 So.2d at 844 (¶ 18).
¶ 16. In support of his arguments, Brown contends that the cocaine discovered in the console of his vehicle belonged to his cousin, who was riding in the front seat of the vehicle shortly before officers detained Brown and Floyd. Brown asserts that the State failed to provide sufficient evidence to prove that the cocaine belonged to him.
 ¶ 17. Nonetheless, the supreme court has held that “[pjossession of a controlled substance may be actual or constructive.” Knight v. State, 72 So.3d 1056, 1063 (¶ 26) (Miss.2011) (citation omitted). Constructive possession exists when the evidence shows that the defendant knowingly exercised control over the contraband. Id. One factor in determining whether constructive possession existed is the defendant’s proximity to the drug; however, other incriminating circumstances must also be met. Id. Such circumstances have historically included:
[W]hen: (l)[t]he defendant owned the premises where the drugs were found and failed to rebut the presumption that he was in control of such premises and the substances within; or (2) the defendant did not own the premises but was sufficiently tied to the drugs found there *628 by (a) exerting control over the premises when he knew or should have known of the presence of the substance or (b) placing himself in the midst of items implicating his participation in the processing of the substance.
Id. (citation omitted). Furthermore, the supreme court has reiterated the well-settled principle of law that “the owner of a vehicle is presumed to be in constructive possession.” Wall v. State, 718 So.2d 1107, 1111 (¶ 13) (Miss.1998).
¶ 18. In Wall, Jerome Wall was the owner and operator of a vehicle in which marijuana was discovered. Id. The marijuana was discovered in the passenger compartment of the vehicle, where a friend of Wall’s had been located. Id. at 1109 (¶ 5). Wall maintained that the marijuana was not his, but must have belonged to his passenger. Id. at 1111 (¶ 13). Nonetheless, Wall failed to present any evidence to overcome the constructive-possession presumption other than his insistence that there was a passenger present in the vehicle with him. Id. The supreme court noted that the presence of a passenger in the vehicle with Wall was of no consequence to the presumption that he constructively possessed the marijuana. Id. Rather, the supreme court stated that, at best, it was “quite possible to have joint constructive possession.” Id. (citation omitted).
¶ 19. Here, the officers who responded to the call at the gas station each testified that Brown was acting nervously and suspiciously. One officer even testified that Brown continued to try to get back into the vehicle, claiming he wanted a cigarette. Officer Hilliard testified that when he approached the vehicle, he could see Brown open the center console, where the cocaine was later discovered, and reach into it. Brown himself testified that he opened the center console to look for a compact disc prior to realizing the officers were behind him. Finally, the record reflects that Brown is an official owner of the vehicle in which the cocaine was found. As in Wall, Brown presented no evidence to rebut the constructive-possession presumption other than a showing that another person had been in the passenger’s seat immediately prior to the incident. Accordingly, Brown’s arguments that the evidence was insufficient and the verdict was against the overwhelming weight of the evidence fail. The circuit court’s judgment was proper, and these issues are without merit.
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER OF THIRTY-TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.